# DEBTOR'S STATUS UPDATE & NOTICE OF INTENT TO PROCEED PRO SE
# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF ARKANSAS LITTLE ROCK DIVISION

FILED
U.S. BANKRUPTCY COURT
EASTERN & WESTERN DISTRICTS
OF ARKANSAS
08/27/26 11:51 am
LINDA McCORMACK, CLERK
By: AshleyMobley
DEPUTY CLERK

**In Re:**
LAWONDA FAYE TURNER,
Debtor.
**Case No.:** 4:25-bk-11952
**Chapter 7**

---

## DEBTOR'S STATUS UPDATE REGARDING RETENTION OF COUNSEL AND INFORMATIONAL NOTICE OF PRO SE APPEARANCE AT EVIDENTIARY HEARING

To the Honorable Judge Richard D. Taylor:

The Debtor, Lawonda Faye Turner, respectfully submits this Status Update and Notice of Evidence to the Court regarding her ongoing, exhaustive efforts to secure independent legal representation, and to respectfully request that the Court review the critical evidentiary records already submitted to the docket in anticipation of the rescheduled September 22, 2026 evidentiary hearing.

### 1. Debtor's Background & Pre-Hearing Representation Search

The Debtor is a disabled United States Veteran living solely on a fixed income from VA disability compensation. Long before the initial August 20, 2026 hearing, the Debtor recognized the severe structural complexity of fighting a major national mortgage lender.

The Debtor proactively spent months contacting a myriad of private attorneys, civil malpractice firms, consumer legal clinics, and non-profit advocacy groups across Arkansas. Because consumer bankruptcy litigation is highly specialized and because many local consumer law networks possess structural conflicts or volume-based intake restrictions, the Debtor has been repeatedly turned away despite the documented strength of her claims.

### 2. Omissions & Sudden Withdrawal of Prior Counsel

The necessity of this contempt proceeding stems entirely from the administrative omissions of the Debtor's former Chapter 7 clinic counsel, who filed an extension of time to execute a mortgage reaffirmation agreement but negligently allowed it to lapse.

When the Debtor returned to prior counsel in absolute housing crisis to resolve the fallout of this error, she was denied assistance, unethically charged an out-of-pocket cash fee for non-compliant advice, and ultimately abandoned. Rather than standing with the Debtor to correct her program's structural error, prior counsel has used these proceedings solely to file a motion to be relieved as attorney of record—leaving a disabled veteran on a fixed income to face a multi-billion-dollar corporate creditor completely unrepresented.

2 pages

## 3. Request for Judicial Review of Filed Master Evidence Timeline

To ensure this Honorable Court is fully aware of the irrefutable paper trail established against PHH Mortgage Corporation (now doing business as ONITY), the Debtor respectfully requests that the Court review the following core evidentiary items already formally filed and scanned onto the active electronic court dockets:

- **EXHIBIT A (Original Bankruptcy Discharge Order)**: Entered November 23, 2025, permanently extinguishing the Debtor's personal liability on the mortgage note.
- **EXHIBIT K (Debtor's Outgoing Phone Log History)**: Printed mobile communications proving the Debtor proactively and continuously attempted to maintain regular voluntary monthly payments under standard "pay and stay" rules, which the creditor intentionally blocked.
- **EXHIBIT L (Creditor's Written Injunction Confession)**: The complete text log of the Debtor's consumer regulatory filing. This contains a direct, written admission by the creditor confessing that they possessed actual, explicit knowledge of this Court's discharge injunction, yet chose to block payments and mandate unviable loss mitigation tracking instead.
- **EXHIBIT M (Certified Federal Medical Records)**: Official Department of Veterans Affairs clinical treatment logs containing severe diagnostic panic, anxiety, and depression scores (PHQ-9 score: 22; GAD-7 score: 19) explicitly and directly connecting the Debtor's severe physical and mental health decline to the housing insecurity manufactured by the creditor.
- **EXHIBIT O & EXHIBIT P (Ongoing and Immediate Post-Discharge Collection Notices)**: Physical proof documenting that the creditor targeted the Debtor's home with an aggressive 10-day pre-foreclosure acceleration notice barely two months post-discharge (January 2026), and has continued to issue non-compliant default notices as recently as last month (July 7, 2026), directly defying this Court's protective orders.

## 4. Clear Intent to Proceed Pro Se

Despite the systemic barriers to securing private trial counsel on a fixed veteran income, the Debtor is entirely committed to protecting her home equity and vindicating her statutory protections under Section 524.

Therefore, please accept this filing as formal notice that if the Debtor remains unable to secure a private consumer litigator over the next 29 days, she will enter this Honorable Court on September 22, 2026, fully prepared to represent herself *pro se*. The Debtor has organized a streamlined, chronological physical evidence folder and will rely on the irrefutable written records already before the Court to present her claims for civil contempt damages and account corrections.

Dated: August 24, 2026

Respectfully submitted,

**Lawonda Faye Turner**
1724 Pilot Ct, Jacksonville AR 72076
501-394-8155
*Debtor Pro Se*

Lawonda Turner
1724 Pilot CT
Jacksonville, AR 72076

LITTLE ROCK AR 720
26 AUG 2025 AM 3 L




United States Bankruptcy Court
RE: Clerk of Court 4:25-bk-11952
300 W. 2nd Street
Little Rock, AR 72201

72201-240099