**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

FILED
U.S. BANKRUPTCY COURT
EASTERN & WESTERN DISTRICTS
OF ARKANSAS
08/28/26 1:34 pm
LINDA McCORMACK, CLERK
By: AshleyMobley
DEPUTY CLERK

**In re:**
LAWONDA FAYE TURNER,
Debtor.
**Case No.:** 4:25-bk-11952
**Chapter 7**

---

# DEBTOR'S INFORMATIONAL NOTICE TO THE COURT OF SUBMITTED DISCIPLINARY COMPLAINTS DETAILING MALPRACTICE AND ABANDONMENT BY PRIOR REPRESENTING COUNSEL

To the Honorable Judge Richard D. Taylor:

The Debtor, Lawonda Faye Turner, appearing *pro se*, respectfully provides this Informational Notice to the Court to formally state the exact grounds of the active disciplinary grievances submitted to the Arkansas Supreme Court Office of Professional Conduct against all prior representing counsel in this matter.

**1. Grounds of Complaint Against Chapter 7 Clinic Counsel (Anh-Thu Cecille Doan)**

The Debtor has formally filed a multi-count grievance against her original Chapter 7 clinic counsel, Anh-Thu Cecille Doan, for severe violations of the standard of care, financial exploitation, and active abandonment:

- **The Lapsed Extension Omission**: Ms. Doan filed an official court motion for an extension of time to finalize a mortgage reaffirmation agreement but completely failed to follow through or execute the document, leaving the Debtor's primary residence exposed to the creditor.
- **Refusal of Service and Fee Extortion**: When the bank used this administrative lapse to block the Debtor's regular monthly payments, the Debtor sent an emergency email on January 15, begging for help. Ms. Doan completely ignored the communication. When the Debtor cornered her in July, Ms. Doan unethically demanded and accepted an out-of-pocket cash consultation fee of **$250.00** to review an emergency *her own file neglect created.*
- **Unconscionable Retention Demand**: During that emergency meeting, Ms. Doan stated that she would require a starting retainer fee of **$2,500.00** to sue the creditor for predatory "dual tracking." As representing bankruptcy counsel, Ms. Doan should have known that the Debtor should never have been subjected to predatory dual-tracking or forced to submit loss mitigation applications in the first place; her "pay and stay" rights should have been locked down.

2 pages AM

- **In-Court Abandonment**: Demonstrating a total disregard for her professional duties to a disabled veteran, Ms. Doan appeared at the August 20, 2026 initial hearing solely to petition this Court to be relieved as attorney of record, completely walking away from the client in the middle of a federal housing emergency.

**2. Grounds of Complaint Against Chapter 13 Counsel (Forrest Stolzer & Joshua M. Eide)**

The Debtor has further submitted formal grievances against Legal Aid of Arkansas attorney Forrest Stolzer and supervisor Joshua M. Eide for gross negligence during their brief representation of her emergency Chapter 13 filing (Case No. 4:26-bk-10929):

- **Omission of Protections**: Counsel aggressively pushed the Debtor into a Chapter 13 repayment filing while completely failing to discuss or analyze her existing Section 524 Discharge Injunction protections or rights under the "Ride-Through" doctrine.
- **Asset Exclusion & Destruction of Cramdown Rights**: Despite explicit instructions that the Debtor's primary vehicle was financed through USAA, counsel completely omitted the asset from the official schedules, structurally destroying the Debtor's statutory right to execute a **vehicle cramdown** to lower her principal auto loan balance.
- **Sanctioning of Unlawful Claims**: Counsel possessed actual knowledge that creditors were filing illegal claims for debts permanently wiped out by the Chapter 7 discharge. Attorney Stolzer explicitly informed the Debtor that Toyota's claim for $837.00 was "OK," and counsel failed to file mandatory *Objections to Claims* against either Toyota or PHH Mortgage (who filed an unchallenged, non-compliant claim for **$9,312.93**).
- **Concealment of Fees Causing Dismissal**: Counsel completely failed to communicate or advise the Debtor of a strict court installment fee deadline. This silence directly caused the sudden summary dismissal of her bankruptcy case.

**3. Observed Courtroom Conduct (August 20, 2026)**

The Debtor alerts the Court that during the August 20th hearing, attorney Cecille Doan and Legal Aid supervisor Joshua M. Eide were observed in open court engaging in direct verbal communications with one another. Mr. Eide intentionally avoided introducing himself or communicating with the Debtor, despite sitting immediately adjacent to her family. This interaction took place directly inside the courtroom and was captured live on the court's glass-enclosed audio and video security recording infrastructure.

The Debtor provides this summary to ensure the record fully reflects the administrative barriers, conflicting interests, and professional neglect she was forced to navigate completely independently prior to appearing *pro se* at the upcoming September 22, 2026 evidentiary hearing.

Dated: August 26, 2026
Respectfully submitted,

---

**Lawonda Faye Turner**
1724 Pilot CT, Jacksonville AR 72076
501-394-8155
*Debtor Pro Se*

Lawonda Turner
1724 Pilot Ct
Jacksonville, AR 72076

LITTLE ROCK AR 720
27 AUG 2026 AM 3 L

Freedom 250
UNITED STATES OF AMERICA
FOREVER/USA

United States Bankruptcy Court
RE: Clerk of Court # 4:25-bk-11952
300 W 2nd St
Little Rock, AR 72201

72201-240099